WILLIAMS, *Ex Parte.*

The province of a writ of prohibition, and the method of proceeding upon it, defined.
The proceeding by prohibition, is a *qui tam* action, and a bond for costs is not necessary, before the filing of the declaration, which is the commencement of the action.
On final judgment, in such a case, a writ of error will lie, as in common cases.*

- This case came up by petition for a writ of certiorari, to be directed to the Washington Circuit Court, where it was determined in May, 1842, before the Hon. JOSEPH M. HOGE, one of the circuit judges. Philemon Williams having obtained judgment, before a justice of the peace, against " The Branch of the Bank of the State of Arkansas, at Fayetteville," on one of the notes issued at that branch, the Bank of the State presented her petition to the circuit court, praying a writ of prohibition, directed to the justice, prohibiting and enjoining him from

* It may be useful to the profession, to be furnished with the forms necessary in this proceeding ; and they are, therefore, here subjoined.

#### FORM OF SUGGESTION.

Be it remembered, that on the tenth day of August, anno domini one thousand eight hundred and forty-two, in the Circuit Court of the State of Arkansas, within and for the county of Pulaski, comes A. B., by P., his attorney, and gives the said court now here to understand and be informed, that whereas all and all manner of actions upon contracts, except actions of covenant, where the sum in controversy amounts to above and upwards of one hundred dollars, within this State of Arkansas arising and happening, to the Circuit Court of this State, according to the constitution and laws of this State, do belong and appertain : nevertheless the said A. B. having heretofore become indebted to the Real Estate Bank of the State of Arkansas, a corporation established by law in this State, by and upon his certain promissory note, executed by him with V. and T. as his securities, bearing date the first day of January, A. D. 1841, and payable at six months after date, for five hundred dollars, which note remains wholly unpaid ; and the said C. D. having on the third day of June, A. D. 1842, before J. D. F., an acting and commissioned justice of the county of Pulaski, by the consideration and judgment of said justice, recovered against said bank, in an action on note, the sum of fifty dollars, with interest at the rate of ten per centum per annum from the fourth day of May, A. D. 1842, until paid, and costs of suit : nevertheless the said C. D., not ignorant of the premises, but continuing him the said A. B. wrongfully to aggrieve and oppress, on the first day of August, A. D. 1842, his said judgment then still remaining in full force and effect, against the due form of the constitution and laws of this State, unjustly sued out from before said justice a certain writ of garnishment upon said judgment, whereby the said A. B. was commanded to be summoned to appear before said justice on the fifth day of August, 1842, at his office in Little Rock, then there to answer what goods, chattels, moneys, credits or effects of said bank, might be in his hands, possession or keeping, to satisfy said judgment : and the said C. D. him the said A. B., in the said justice's court, before the said justice, of and upon the premises aforesaid to appear hath wrongfully obliged, and the same A. B. thereupon thereto to

further proceedings against the branch bank. The court ordered that such writ issue, upon the mere presentation of the petition. No other or further steps were taken in that court.

The case was argued here, by *D. Walker*, for the petitioner, and by *Hempstead & Johnson*, contra.

*By the Court,* DICKINSON, J. Writs of prohibition were granted in England, both in the common pleas and king's bench. *Burke's case, Vaugh.* 157, 209; *Langdale's case,* 12 *Co.* 58, 109. It lay where

answer; whereupon the said A. B. hath there answered and responded that he doth owe and is indebted to said bank in the amount due by and upon his note aforesaid, and in no other sum or manner whatever, and that he hath in his hands or possession no goods, chattels, moneys, credits or effects of said bank whatever; and hath there-upon pleaded and objected that said justice's court hath and can have no jurisdiction to render judgment against him the said A. B. in the premises, by the constitution and laws of this State; which plea the said justice hath overruled and refused; and the said C. D. the said A. B. in the premises to cause to be condemned, with all his power endeavors and daily contrives in contempt of the said State, and against the constitution and laws thereof, and to the manifest damage, prejudice and grievance of him the said A. B.; and this he is ready to verify: wherefore the same A. B. the aid of the said circuit court now here most humbly imploring, prays remedy by the writ of the State of prohibition, to the said justice in form of law to be directed, to prohibit him from holding the plea aforesaid, the premises aforesaid any wise concerning farther before him.

### DECLARATION.

PULASKI, *sct :*

A. B. of the county aforesaid, who sues in this behalf as well for the State of Arkansas as for himself, complains of C. D. being in custody, &c. of a plea, wherefore he prosecuted a plea in the justice's court of said State, before J. D. F., Esq, one of the justices of the peace of said county, after said State's prohibition to the contrary thereof first directed and delivered to him; for this, to wit: that whereas all and all manner of actions upon contracts, except actions of covenant, where the sum in controversy amounts to above and upwards of one hundred dollars, within this State of Arkansas arising and happening, to the circuit courts of this State, according to the constitution and laws of this State, do belong and appertain: and whereas also the said A. B. heretofore became indebted to the Real Estate Bank of the State of Arkansas, a corporation established by law, by and upon his certain promissory note, executed by him with V. and T. as his securities, bearing date the first day of January, A. D. 1841, whereby he and his said securities jointly and severally promised to pay, six months after the date thereof, to the said bank or her order, five hundred dollars, which note remains wholly unpaid: and whereas also the said C. D. did, on the third day of June, A. D. 1842, at the county aforesaid, before the said J. D. F., Esq., as such justice of the peace, by the consideration and judgment of said justice, recover against said bank, in an action on note, as well the sum of fifty dollars, and interest thereon at the rate of ten per centum per annum, from the fourth day of May, A. D. 1842, until paid, as also all the costs in that suit in that behalf expended: nevertheless the said C. D. of the premises not ignorant, but combining and intending him the said A. B. unjustly and wrongfully to oppress, and with very great expenses to fatigue, and from the constitution and laws of this State of Arkansas to derogate, on the first day of August, A. D. 1842, his said judgment then still remaining in full force and effect, against the due form of the con-

Williams, *Ex Parte*.

an inferior court was proceeding without jurisdiction. *Pringe vs. *Child, Moore* 780; *Martin vs. Archbishop of Canterbury, And.* 258; or where the jurisdiction belonged, properly, to another court; *Edwards' case*, 13 *Co.* 9; *Case of Prohibition*, 12 *Co.* 76; or when the inferior court transcended its jurisdiction, by holding plea for too large an amount; *Coats vs. Suckerman*, 1 *Ro.* 252; or where a plaintiff had one demand, and split it into several actions, so as to give an inferior court jurisdiction; *Catchmade's case*, 6 *Mod.* 91. So, where the judges proceeded in cases, where they were prohibited by act of parliament. *Porter vs. Rochester*, 13 *Co.* 4. The writ would not

stitution and laws of this State, and to draw the conusance of a matter of controversy, exceeding the sum of one hundred dollars, and of a plea which belongeth to the said circuit courts, and not to any justice of the peace, to an examination before said justice, unjustly sued out from before said justice a certain writ of garnishment upon said judgment, whereby the said A. B. was commanded to be summoned to appear before said justice on the fifth day of August, A. D. 1842, at his office in Little Rock, then there to answer what goods, chattels, moneys, credits or effects of said bank, might be in his hands, possession or keeping, to satisfy said judgment; and the said C. D. on that occasion unjustly compelled him the said A. B. to appear before the said justice, and to make answer to the said C. D. of and upon the premises; and although the said A. B. doth and then did owe and was indebted to said bank, upon and by the note aforesaid, in and to the amount thereof, and in no other sum or manner whatever, and hath in his hands or possession no goods, chattels, credits or effects of said bank, whatever: and although the said A. B. did answer before said justice in due time, to said writ of garnishment, and did respond, plead and allege the said matters in his discharge in the premises there, and did thereupon object that said justice had and could have no jurisdiction to render judgment against him the said A. B. in the premises, yet the said justice did altogether refuse to admit the said plea and allegation; and the said C. D. doth with all his might endeavor and daily contrive to procure him the said A. B. to be condemned in the premises in said justice's court, and by a definitive judgment of said justice's court to compel him to pay the whole amount of said judgment so obtained by said C. D. against said bank, in manner aforesaid, in contempt of said State; and although the writ of said State of prohibition in this behalf to the contrary thereof, on the eighth day of August, A. D. 1842, in the seventh year of the State, at the county aforesaid, was directed and delivered to said justice, yet the said C. D. after said State's prohibition to the contrary thereof first directed and delivered in form aforesaid, to wit: on said eighth day of August, in the seventh year aforesaid, at said county, proceeded further in prosecuting the said plea against the said A. B. notwithstanding said State writ of prohibition first directed and delivered to him to the contrary; in contempt of said State, and to the damage, prejudice, impoverishment and manifest grievance of the said A. B. and contrary to the constitution and laws of said State: wherefore the said A. B. who sues as well for said State as for himself, as aforesaid, saith that he is injured and hath sustained damage to the value of five hundred dollars, and therefore, as well for said State as for himself, he brings this suit, &c.

### PLEA AND DEMURRER.

And the said C. D. comes, &c., and defends the wrong and injury, when, &c., and all contempt, &c., and whatever, &c., and saith that he did not prosecute the said A. B. who sues as well for said State as for himself, in the said justice's court, contrary to the State's prohibition to him for that purpose directed, as the said A. B. who sues as well, &c., by his said declaration doth above suppose; and of this he puts himself upon the country.

lie to a court having cognizance of the cause, or jurisdiction of the subject, on a suggestion of erroneous proceeding. *March.* 92, *Pl.* 152. The remedy, in such cases, was by appeal. *Smith vs. Mayor of London*, 6 *Mod.* 78; *Guillan vs. Gill*, 1 *Lev.* 164. The rule was, at common law, that no prohibition lay to an inferior court, in a cause arising out of their jurisdiction, until that matter had been pleaded in the inferior court, and the plea refused. *Cook vs. Liceuse*, 1 *Lord Raym.* 346; *Wayman vs. Smith*, 1 *Sid.* 464; 1 *Mod.* 64, *S. C.;* 1 *Mod.* 81; *Marriott vs. Shaw*, *Com.* 278; *Mendyke vs. Stint*, 2 *Mod.* 272. It must appear, in the suggestion, that the plea was verified, and ten-

But in order to have a consultation, in this behalf, the said C. D. says, that the said declaration, in manner and form aforesaid declared, and the matter in the same contained, are not sufficient in law to bar him the said C. D. from recovering the amount of his said judgment, demanded against the said A. B. in said justice's court; and that he has no necessity, nor is he bound by the law of the land, in any manner to answer the said declaration, in manner and form aforesaid made and declared; and this he is ready to verify : wherefore, for want of a sufficient declaration of the said A. B. who as well, &c., in this behalf, the said C. D. prays judgment, and the State's writ of consultation to be granted to him in this behalf, &c.

#### PLEAS FOR CONSULTATION,

Commence with a traverse as to the contempt, as in the last form. Then follows any plea which the party desires to put in, commencing like the demurrer, and concluding with a prayer of judgment, and for a writ of consultation. Replications commence with a *precudi non*, and that the writ of consultation ought not to be granted; and the other pleadings are brought to an issue, as in other actions.

#### JUDGMENT BY DEFAULT.

And the said C. D., by W., his attorney, comes and defends the force and injury, when, &c., and nothing in bar or preclusion of the said action of the said A. B., who, as well &c., saith; whereby the said A. B., who, as well &c., his damages, by reason that he, the said C. D., as aforesaid, prosecuted in said justice's court, after the prohibition aforesaid to them to the contrary directed and delivered, against the said C. D., ought to recover. But, because it is unknown what damages the said A. B., who, as well &c., hath sustained on that account, [order for writ of inquiry]; or, after the words " ought to recover;" and the said A. B. not demanding a writ of inquiry in this behalf, but being satisfied to recover nominal damages merely, it is therefore considered [judgment for damages and costs.] And it is further considered, that a writ of prohibition issue, according to the prayer of said suggestion.

*Judgment for defendant, on demurrer to declaration.*

And now, at this day, came the said parties, to me, the said A. B., who, as well &c., by his attorney, P., and the said C. D. by his attorney, W.; and the court here being now sufficiently advised of the matters of law arising on the demurrer of the defendant to the declaration of the plaintiff, above made and declared, is of opinion that said declaration, and the matter therein contained, are not sufficient, in law, to bar him, the said C. D., from recovering the amount of his said judgment demanded against the said A. B., in the said justice's court; and that he has no necessity, nor is he bound by the law of the land, in any manner, to answer the said declaration in manner and form aforesaid made and declared : Wherefore, the said justice is commanded, by writ of said State, of consultation, that, in the cause aforesaid, between the parties aforesaid, with all the speed he can, according to law, he may proceed, the said State writ of pro-

Williams, *Ex Parte.*

dered in person, during the sitting of the inferior court. *Sparks vs. Wood*, 6 *Mod.* 146; *Clerk vs. Andrews*, 1 *Show.* 12. And there is no precedent of a prohibition, *quia timet.* The writ was obtained on a suggestion, without which no prohibition lies to an inferior court. *Bishop vs. Corbet*, 1 *Lev.* 253; *Plaxton vs. Honore*, 12 *Mod.* 435.

The suggestion stated the nature of the case, the proceedings in the court below, and concluded with a prayer for prohibition. If the motion was founded on matter of suggestion only, an affidavit of the truth of the matter suggested, was necessary; 10 *Mod.* 387; *Burdett vs.*

hibition to him in form aforesaid before to the contrary directed in anywise notwithstanding. And it is further considered—[judgment for costs.]

### WRIT OF PROHIBITION.

*Pulaski sct. :*

The State of Arkansas, to J. D. F., Esquire, an acting and commissioned justice of the peace, within and for the county aforesaid—*Greeting :*

It is shown to us, in our Circuit Court in and for the county of Pulaski, by A. B., that whereas, all and all manner of actions upon contracts, except actions of covenant, where the sum in controversy amounts to above and upwards of one hundred dollars, within this State of Arkansas arising and happening, to the circuit courts of this State, according to the constitution and laws of this State, do belong and appertain : And whereas, also, the said A. B. heretofore became indebted to the Real Estate Bank of the State of Arkansas, a corporation established by law, in this State, by and upon his certain promissory, executed by him, with V. and T., as his securities, for the sum of five hundred dollars, which note remains wholly unpaid, and is not indebted to said Bank in any other sum or manner, nor has nor had in his hands or possession, any goods, chattels, moneys, credits, or effects of said Bank : And whereas, also, one C. D., on the 3d day of June, A. D. 1842, at the county aforesaid, before you, as such justice, by your consideration and judgment, recovered against said Bank, in an action on note, as well the sum of fifty dollars, and interest thereon at the rate of ten per centum per annum, from the fourth day of May, A. D. 1842, until paid, as also all the costs of suit. Nevertheless, the said C. D., of the premises not ignorant, but contriving and intending him, the said A. B., unjustly and wrongfully to oppress, contrary to the constitution and laws of this State, has unjustly sued out before you, a certain writ of garnishment on said judgment against said A. B., whereby the said A. B. has been commanded before you to appear, and answer what goods, chattels, moneys, credits, or effects of said Bank, he may have in his hands or possession, to satisfy said judgment. And the said C. D., him the said A. B., before you in your justices's court, of and upon the premises to appear, hath unjustly obliged, and thereupon to answer, and him in the premises to cause to be condemned, with all his power, endeavors, and daily contrives, in contempt of said State, and against the constitution and laws of said State, and to the manifest damage, prejudice, and grievance of him the said A. B. Wherefore, the said A. B., most humbly imploring the aid of our Circuit Court in and for the county of Pulaski, hath prayed relief, and our writ of prohibition to you to be directed. We, therefore, being willing that the constitution and laws should be observed, and our citizens in nowise oppressed, do firmly prohibit and enjoin you that you no further hold the plea aforesaid, the premises aforesaid in anywise touching, before you, nor any thing in your justice's court attempt or procure to be done, which may be in anywise to the prejudice of said A. B., or in contempt of our constitution and laws, lest you should incur the punishment of the violators of our law ; and also, the sentence or judgment, if any against the said A. B., on that account, you have given or pronounced, then do you release the said A. B. therefrom, and him from hence wholly absolve, at your peril. Witness, &c.

*Newell*, 2 *Ld. Raym.* 1211; *Salk.* 549; but it was otherwise, where the truth of the suggestion appeared on the face of the proceedings below, though after judgment. *Godfrey vs. Liewellin, Salk.* 549; *Selby vs. York, C. T. Hard.* 392. Upon the suggestion being filed, the court granted a rule to show cause why the writ should not issue, which was afterwards made absolute, or discharged, according to the circumstances of the case. If it was a nice or doubtful case, the court made the rule absolute, and directed the party applying to declare, which he did, by serving the other side with the rule, without taking out a

#### WRIT OF CONSULTATION.

The State of Arkansas to J. D. F., Esquire, one of the justices of the peace in and for the county of Pulaski—*Greeting*:

C. D. hath shown to us, that whereas he has lately, in our justice's court, before you, sued out a certain writ of garnishment against A. B., upon a certain judgment theretofore by said C. D. before you obtained, against the Real Estate Bank of the State of Arkansas, for fifty dollars, with interest thereon at the rate of ten per centum per annum from the fourth day of May, A. D. 1842, until paid, with costs; by which writ of garnishment the said A. B. before you was commanded to appear, and answer what goods, chattels, moneys, credits, or effects of said Bank he might have in his hands or possession, to satisfy said judgment. And whereas, thereupon the said A. B., by his certain suggestion before us, in our circuit court in and for the county of Pulaski, filed and exhibited, alleged and showed, that all and all manner of actions upon contracts, except actions of covenant, where the sum in controversy amounts to above and upwards of one hundred dollars, within this State of Arkansas, arising and happening to the circuit court of this State, according to the constitution and laws of this State, do belong and appertain: That the said A. B. therefore became indebted to said Bank, by and upon a certain note of five hundred dollars, which was then wholly unpaid, and was not indebted to said Bank in any other sum or manner whatever, nor had in his hands or possession any goods, chattels, moneys, credits, or effects of said Bank : That, although the said A. B. all and singular the premises above mentioned before you in his answer, response, and defence against any other proceedings on the writ of garnishment aforesaid, hath pleaded and alleged, nevertheless, the same C. D., him the said A. B., by color of the premises to aggrieve and oppress, your defective judgment and condemnation of and upon the premises did endeavor to obtain, in contempt of said State, and against the constitution and laws thereof, and to the damage and prejudice of him the said A. B. We, believing and giving credit to the suggestion of the said A. B., in this behalf, did, on the petition of him the said A. B., grant our prohibition, and cause it to be directed to you, to prohibit you that you should not attempt to hold or prosecute the plea aforesaid, in our said justice's court before you, against him the said A. B., by virtue of which, our said prohibition in the plea aforesaid before you, against the said A. B., you have from thence desisted, and do desist further to proceed, as by the report of the said C. D. we have lately, in our Circuit Court for the county of Pulaski, understood. Wherefore, the same C. D. hath, in our said circuit court, humbly besought us to grant him the aid and assistance in this behalf; and we, favorably consenting to the petition of him the said C. D., and being unwilling that the cognizance which to our said justice's court in this behalf belongs, should be further delayed by such false and subtle assertions, because in our said circuit court it is in such manner proceeded, that it is considered by the same court that the said C. D. may have our writ of consultation to the justice's court aforesaid, our writ of prohibition aforesaid to the contrary notwithstanding; whereof the said A. B. is convict, as it appears to us on record : We, therefore, being unwilling that the said C. D. should be in anywise injured in this behalf, signify to you, and command, that you may in that cause lawfully proceed, and further do what you shall know to belong to such justice's court, our said writ of prohibition to the contrary thereof before to you directed, in anywise notwithstanding. Witness, &c.

writ, and then delivering his declaration. If the defendant then submitted, he might refuse the declaration, and the court would then, on his application, stay the proceedings, without costs, because he acknowledged that the rule ought to go, and declined relying on the proceedings below; 1 *Saund.* 136, *n.* 1; *Bull. N. P.* 218; *Gegge, vs. Jones,* 2 *Str.* 1149; or the defendant might insist upon a declaration. But if the court was of opinion against a prohibition, the party applying had nô right to declare. *Rex vs. Bishop of Ely,* 1 *W. Black.* 81; *S. C.* 1 *Burr.* 198.

The inferior court was bound to desist immediately, on the application for a prohibition, and the court above took notice of their practice to do so; and would take care there should be no further proceedings, by attaching the judge of the inferior court, for his contempt in going on. 1 *Saund.* 136, *n.* 2. By the declaration, the party who applied for the prohibition, suing *qui tam,* complained of the party proceeding against him in the inferior court, of a plea, wherefore he prosecuted a plea in the court below, &c., after a prohibition to the contrary thereof, directed and delivered to him, for this, to wit: that whereas, &c., setting forth all the facts, the objection to the jurisdiction made in the court below, and the refusal of the court to admit the plea and allegation, concluding that the defendant is endeavoring and contriving to obtain, or has judgment and condemnation, though the writ of prohibition had been directed delivered to him on, &c., to the contrary, in contempt of the State, and to the damage of the plaintiff, &c., concluding with the common *ad damnum.* *Crouch vs. Collins,* 1 *Saund.* 136; *Lilly's Entries,* 316, 328.

This declaration commenced an action, which was, in notion of law, founded upon attachment against the defendant, for a contempt, in proceeding after a writ of prohibition had been served upon him. But it was a mere fiction, used for the purpose of trying, with greater certainty, whether the inferior court ought to proceed further in the suit. The defendant was not, in fact, served with any writ of prohibition, and, therefore, had not, in truth, incurred any contempt for a disobedience of it, but this matter was alleged for form's sake, to entitle the plaintiff to demand damages of the defendant, and thereby to give the action the requisites of a suit. Notice was necessary to be given

to the defendant, before his appearance.    *State vs. Allen*, 2 *Iredell* 183.    He then either demurred or pleaded to the declaration, but, in either event, he traversed the proceeding, after prohibition served, and the contempt, and commenced his plea or demurrer to the material points, in order to have a consultation in this behalf, and prayed judgment and a writ of consultation.    1 *Saund*. 136.

Whether the defendant pleaded or demurred, no verdict was taken on the traverse, as to the further proceeding and the contempt.    It was immaterial, like the finding as to the *vi et armis*, in trespass. *Stratford vs. Neale*, 1 *Str.* 482;   *S. C.* 8 *Mod.* 1.    If there was a verdict for the plaintiff, and if, upon demurrer, the court were of opinion that there was not sufficient ground for a prohibition, judgment was given for the plaintiff, and both the defendant and the inferior court were prohibited from going any further.    It was then, and not till then, that the writ of prohibition actually issued.    1 *Saund*. 136. The writ was directed to both the court and the party, and commanded the one not to hold, and the other not to follow the plea.    1 *N. Hill*, 200.

If, on the other hand, the verdict was for the defendant, or the court, upon demurrer, was of opinion that there was no ground for a prohibition, then a writ of consultation was awarded; and where this writ was awarded on the merits, there could never be another prohibition upon the same suggestion.    This writ was called the writ of consultation, because, upon consultation had, the judges found the prohibition to be ill founded, and therefore, by this writ, they returned the cause to its original jurisdiction, to be there determined, and commanded the inferior court to proceed and determine it, the prohibition to the contrary notwithstanding.    1 *Saund.* 136, *n.* 5; *Lilly's Entries*, 562; 1 *Keb.* 286; 8 *Mod.* 3; 2 *Keb.* 404, *pl.* 17.    If the declaration varied from the suggestion, it was bad.    *Harrows' Case*, 7 *Mod.* 114; *Gomersall vs. Bishopp*, 1 *Lecon*, 128.    Both parties in prohibition being actors, there might be traverse upon traverse.    *Fort.* 350.    No traverse, however, could be taken on an allegation that the court below refused the plea.    *Moore,* 425; *Stratford vs. Neale*, *Str.* 483.

If there was no plea or demurrer in due time, judgment went by *nihil dicit.*    *Turner vs. Rainier*, 12 *Mod.* 447.

Such we have ascertained, after considerable research, to have been the common law doctrine and mode of proceeding. And as we have no statute upon the subject, the common law, with all its incidents, is, of course, as far as applicable, in force here, and it only becomes necessary so to mould the remedy, as to render it available under our system of jurisprudence, preserving, as far as practicable, all its common law attributes.

We understand, then, that a party wishing to avail himself of this writ, in our courts, must, if the facts are not presented by the record of the inferior court, make the proper suggestion to the inferior tribunal, setting forth all the material facts upon which he relies, with the proper allegations, and if the facts do not appear on the record, verify the truth of them by affidavit. Upon the presentation of the suggestion, a rule should be entered upon the opposite party, requiring him to show cause, upon a given day, in court, why the writ should not issue; which rule, when so entered and served upon the inferior court and the party, shall stay all further proceedings in the case; and the court will then, in their discretion, make it absolute, or discharge it, and, if the former, direct the party to declare, without issuing the writ. If the defendant, upon the suggestion being presented, admits the facts, the rule will go, and the writ issue. But if he insists upon a declaration, the case then takes its ordinary course, and must be decided upon demurrer, or plea to the merits, and the writ be granted, or the cause remanded to its original jurisdiction, to be there proceeded in and determined.

As it is a *qui tam* action, under our statute a bond for costs must be filed, before or upon the filing of the declaration, which is the commencement of the action.

In the case now before us, and in which the party asks a writ of certiorari to bring up the proceedings of the circuit court, it is evident there has been a total disregard of all the principles which govern the mode of proceeding upon prohibition, and that until there has been a final disposition of it by the circuit court, the appellate jurisdiction of this court does not attach. Upon final judgment, a writ of error will lie, as in ordinary cases.

The application for the writ of certiorari must, therefore, be refused.