Blackburn, *Ex-parte.*

BLACKBURN, *Ex-parte.*

The county courts have, both by the constitution and the statutes, unquestionable jurisdiction in regard to the removal of county seats. Consequently, a writ of prohibition will not lie to a county court, to forbid its removal of the seat of justice, even on an allegation that they are proceeding to remove it under an unconstitutional law.

THIS was an application, upon the part of the petitioner, to this Court, for a writ of prohibition, to be directed to the county court of Scott county, preventing them from removing the seat of justice, and the records of that court, from Boonville to Wynfield. The facts set out in favor of the writ showed, that the petitioner was the legal owner and proprietor of certain lots in the town of Boonville, on which were erected valuable improvements, and that the town was originally located and laid out upon ten acres of land, donated by Gilbert Marshall and David Titsworth to the commissioners of said county, for the purpose of establishing a seat of justice thereon, and that they executed their bond for title, and that Marshall purchased a lot of the commissioners, which bond was afterwards taken up by the petitioner, as assignee of Marshall, by executing a deed in fee, in lieu thereof, and that he also became the purchaser of the lot originally owned by Marshall. The legislature had recently passed an act ordering the removal of the seat of justice from Boonville to Wynfield, and directing the records of the county and circuit courts to be transferred to the latter place, and the seat of justice to be permanently fixed there, until otherwise changed by law. It was contended, in behalf of the petitioner, that this act was unconstitutional, because it deprived him

of vested rights, without making any adequate compensation for the loss he would sustain.

*By the Court*, LACY, J.    Whether the petitioner's rights are vested or not, so that the legislature cannot remove the seat of justice without paying him for his lots and improvements, and complying with the contract made with the county court, is a question we are not now called on to decide, because the point is not properly before us.   It is clear, both upon authority and reason, that he is not entitled, by the remedy sought, to a writ of prohibition.   The county court, both by the constitution and statutes, have unquestionable jurisdiction over the subject matter, for the removal of the seat of justice; and this being the case, a writ of prohibition will not lie.   It was expressly stated by this Court, in the case of *Williams*, *ex-parte*, where the whole doctrine upon writs of prohibition was elaborately examined, and the principles and manner of proceeding under it accurately laid down and defined, that "the writ lay where an inferior court was proceeding without jurisdiction, or where the jurisdiction belonged to another court, or where the inferior court transcended its jurisdiction by holding plea for too large an amount, or where the plaintiff had one demand, and split it into several actions, to give an inferior court jurisdiction, or where the judges proceeded in cases where they were prohibited to do so by an act of Parliament."   These principles being established, it is equally clear, upon authority and reason, that the writ will never lie to a court having cognizance of the cause, or jurisdiction of the subject matter, on a suggestion of erroneous proceeding.   The rule at common law is, that no prohibition lay to an inferior court, for matters arising out of their jurisdiction, until that matter had been pleaded, and the plea refused.   In the present case, the county court unquestionably possesses jurisdiction over the subject matter, and therefore the writ will not lie, and this application must be denied.