CITY OF LITTLE ROCK, *ex parte*.

JURISDICTION—*Prohibition*.—Prohibition will not lie to an inferior court, in a cause arising out of its jurisdiction, until that matter has been pleaded in the original court and the plea refused.

The circuit court will not be presumed to take cognizance of matters not within its jurisdiction.

*Petition for Prohibition.*

*T. D. W. Yonley, Montgomery & Warwick*, for petitioner.

The power of amotion is incident to every corporation, *2 Kent. Com. 348-9; Angell & Ames on Corp. sec. 408-9, 27, 32; 5 Ind. 77; Grant on Corp. p. 240*, and is conferred by statute in this State. *See page 273, New Digest, sec. 67, Law of Mun. Corp.* The city council is not a court and the provisions of the Code (*sec. 521,*) do not apply to it.

WILSHIRE, C. J.

On a former day of the present term the city council of the city of Little Rock presented to this court their petition, suggesting and informing us that one H. H. Pugh had applied to the Pulaski circuit court for a writ of mandamus, commanding the members of the said city council to refrain from further proceeding in the cause of impeachment instituted in said council for the removal of said H. H. Pugh, as the solicitor of said city, upon charges preferred against him, and also commanding said city council to dismiss said proceedings against said Pugh.

This court, in a very early case, announced the doctrine that at common law the rule was that no prohibition lay to an inferior court, in a cause arising out of its jurisdiction, until that matter had been pleaded in the original court, and the plea refused. *Williams, ex parte, 4 Ark., 540; Blackburn, ex parte 5 Ark., 22.*

The same doctrine was reiterated and re-affirmed in the case of *McMeechen et al., ex parte, 12 Ark., 73.* The suggestion in this cause fails to show that the petitioners have made any effort to defeat the issuance of the mandamus by the circuit court, by plea to the jurisdiction of that court, or otherwise.

This court will not presume that the circuit court will take cognizance of matters not within its jurisdiction.

There being no allegation in the suggestion that the petitioners have sought, by plea or otherwise, to object to the jurisdiction of the circuit court, and prevent the issuance of the mandamus; that the plea or objection was overruled and refused, the application here for a rule to show cause why the writ of prohibition should not issue must be refused.