PALMER *v.* McCHESNEY.

MANDAMUS---*Hearing upon.*—Under section 519, Code of Practice, the *hearing* upon *mandamus* is to be by the *court*, and not by the judge at chambers.

SPECIAL JUDGE---*Election of.*---Under section 758, the clerk is not authorized to hold an election for a special judge at chambers.

APPEALS--- *What requisite.*----*Appeals* only lie from the final orders or judgments of the circuit court, and only from such final orders or judgments as cannot be corrected, on motion, in the court below, and not then, until the question has been submitted to and overruled by the inferior court.

*Appeal from Independence Circuit Court.*

HON. ELISHA BAXTER, Circuit Judge.

*Watkins & Rose*, for appellant.

*Montgomery & Warwick*, for appellee.

McCLURE, C. J.

This cause comes here from Independence county. It appears, from the transcript in the case, that McChesney, as school trustee, presented to the judge of the Independence circuit court, at chambers, a petition for a *mandamus*, the prayer of which was to compel the appellant to pay over to him certain money collected as school funds. The defendant demurred to the petition; the judge overruled the demurrer, and the appellant answered. It is not necessary to say anything about the matters set up in the answer, only that the multitude of counsel evinced great ignorance of the law.

The appellant filed with the clerk an affidavit, under the provisions of section 758, stating that he did not believe that the judge would give him a fair and impartial trial, together with a motion for a special judge, which motion was overruled by the court. Thereupon the judge awarded a *mandamus* against the appellant, and Palmer prayed an appeal to this court, and filed a *supersedas* bond. All these proceedings occurred *at chambers*. Section 517 of the Code says: " The *court*

shall hear and decide all questions of law or fact arising on the motion, and the granting or refusing of the writ shall be the final order in the motion."

Section 518 says: "During the pendency of the motion, the *court,* or judge, *in vacation,* may make temporary orders for preventing damages or injury to the applicant, until the motion is decided."

Section 519 says: "The writ of *mandamus,* as treated of in this chapter, is *an order of a court,* of competent and original jurisdiction, commanding an executive or ministerial officer to perform an act, or omit to do an act, the performance or omission of which is enjoined by law," etc.

The language of the Code, just quoted, goes to show, clearly, that the hearing upon *mandamus is by the court,* and not by a judge at chambers. At a hearing at chambers, it very seldom happens that there are any attorneys present, save such as are employed in the case. How, then, can the clerk, under the provisions of section 758, hold an election for special judge, of the practising attorneys of the court, not engaged in the case?

Appeals only lie to this court from the judgment or final order of the circuit court, (section 566), and they only lie in relation to such final orders and judgments as cannot be corrected, on motion, in the lower court, and not then, until the inferior court has had the question submitted to it, and has overruled the same. (Section 886.)

The transcript, in this case, does not purport to be the copy of the record of any court of this State, and, of course, does not show the final order or judgment of any court.

The case will be stricken from the docket.