[No. 5890.]

# JULIUS CHESTER *v.* P. T. COLBY, JUDGE OF THE PROBATE COURT OF THE COUNTY OF KERN.

WRIT OF PROHIBITION.—If the question of the jurisdiction of an inferior Court in a case before it has been submitted to that Court by an appropriate pleading or objection, a writ of prohibition will not issue to restrain such Court from proceeding in the case while the question of its jurisdiction remains undetermined by such Court.

Application to the Supreme Court for writ of prohibition.

The petitioner Julius Chester was the proprietor and editor of a weekly newspaper published at Bakersfield, Kern County, called the "Southern Californian and Kern County Weekly Courier," and on the 22nd day of November, 1877, published an editorial in the paper reflecting on the County Judge for his action in a case of contempt then pending before him, in which George V. Smith, an attorney at law, was the party charged with committing the contempt. For the publication of this article Chester was arrested on a warrant issued by the Probate Judge for contempt of his Court. At the opening of the Probate Court on the 24th of November, Chester was granted until November 28th to prepare his answer to the affidavit on which the warrant was issued, and the matter was set for hearing on the 1st day of December, 1877. On the 1st day of December, the petitioner obtained a further continuance until December 15th, 1877. On the 28th of November, the petitioner filed an answer in which he pleaded not guilty, and also alleged the truth of the matter contained in the article, and at the same time demurred to the affidavit or complaint on which the warrant was issued, on the ground that the Probate Court had no jurisdiction to proceed with the alleged contempt. On the 13th day of December, the Supreme Court issued a writ commanding the County Judge to refrain from further proceedings in the matter until the further order of the Court, and to show cause on the 21st of December why a writ of prohibition should not issue.

*Byron Waters*, for the Petitioner.

*Jo Hamilton* and *Henry Edgerton*, for the Respondent.

By the COURT:

It is alleged in the answer that the respondent demurred to the complaint and affidavit on which the warrant was issued for an alleged contempt, on the ground that the Probate Court has no jurisdiction to proceed in the same matter of contempt, and that the demurrer is still pending and undetermined; the pendency of the demurrer was admitted at the argument before us.

The writ of prohibition, under our statute, as at the common law, is a prerogative writ, and will not be issued if the question of the jurisdiction of the inferior Court has been submitted to that Court by any appropriate pleading or objection, while that question remained undetermined by that Court. (High's Ex. Rem. p. 588, sec. 773 ; *Cox* v. *St. Albans,* 1 Mod. 81; *Williams, Ex parte,* 4 Ark. 537 ; *City of Little Rock, Ex parte,* 26 Ark. 52; *Meechen, Ex parte,* 12 Ark. 70 ; *Bouton* v. *Hursler,* 1 Barn. 71; *Edmundson* v. *Walker,* Carth, 106.)    Writ denied.