STATE EX REL. BUTLER V. WILLIAMS.

1. CIRCUIT COURT: *Adjourned terms. Election of special judge. Prohibition.*

    If at the time appointed for holding an adjourned term of the circuit courts, the regular judge is holding court in another county in his district, the adjourned term necessarily fails, for there is no power to supply his place by a special election by the attorneys present. In such cases a judgment of the regular term becomes final, and any attempt of the regular judge afterwards to set it aside and re-try the cause will be prevented by prohibition from this court.

2. PROHIBITION: *When granted.*

    Prohibition is an extraordinary remedy, and the writ will not be granted unless the defendant has objected to the jurisdiction, and his objection has been overruled. But a motion to dismiss an action for want of jurisdiction is a sufficient objection.

PETITION for *Prohibition.*

*Harrison & Harrison*, for petitioner.

The terms of the circuit courts are fixed by law, and it is not in the power of the judges to change them. Under *Mansf. Dig., sec. 1476*, the term may be continued after the time for holding the next regular term in another county in the circuit, as held in *32 Ark., 278*, but as declared by *sec. 1481*, "No such adjourned session * * * shall interfere with any other courts to be held by the same judge." This provision is mandatory. See *Cooley Const. Lim., 93.*

The attorneys had no right to elect a judge at a special adjourned session. See *Const., art. 7, sec. 21.*

The motion for a new trial not having been disposed of during the term, the judgment became final, and the court had no jurisdiction to again try the cause. *6 Ark., 282;*

*5 ib., 709; 14 ib., 203; ib., 568; 6 ib., 100; 12 ib., 95; 22 ib., 176.*

The relator having filed a motion to strike the case from the docket, did all that was necessary for him to do, or that could be done, and a writ of prohibition is his only remedy.

*Jones & Martin* for respondent.

*Sec. 1481, Mansf. Dig.*, means that the court shall not be adjourned to any day fixed by law for the beginning of the term of any other court in the circuit.

*Sec. 1476*, gives the right of adjournment beyond the day fixed by law for the beginning of another court. *2 Ark., 229; 32 ib., 278; 39 ib., 448.*

Under *sec. 21, art. 7, Const.*, the attorneys had a right to elect a special judge.

1. CIRCUIT COURTS: Adjourned terms: Election of special judges: Prohibition.

SMITH, J. On the 4th of August, 1885, in Desha circuit court, the cause of J. M. Whitehill, plaintiff, against J. R. Butler, defendant, was tried before the Hon. John A. Williams, circuit judge, and a jury, and a verdict and judgment were given for the defendant. On the 6th of the same month the plaintiff moved for a new trial. This motion had not been disposed of, when the court adjourned over to the 8th of December, following. On the day last mentioned, the circuit judge was not in attendance, being engaged in holding the Jefferson circuit court. On the 9th of December a special judge was elected, who adjourned the court over from time to time, until the 23d of January, 1886, when the regular judge appeared, set aside the judgment previously entered in the above entitled cause, and ordered another trial.

At a subsequent term, the defendant in the action moved the court to strike the case off of the docket, upon a suggestion that the judgment had become final before the court undertook to set the same aside. This motion was denied. The defendant in that action now prays the writ of prohibition to prevent the circuit judge from taking further jurisdiction of the cause. And the question is, whether the Desha circuit court was legally in session on the 23d of January, 1886.

It is not the meeting of the judge and officers of a court at the county seat that constitutes a court, but that meeting must be at a time authorized by law. *Brumley v. State,* *20 Ark., 77 ; Osborn, ex parte, 24 ib., 479.*

The terms of the circuit court are prescribed by statute. It is provided, however, that " special adjourned sessions of any court may be held in continuation of the regular term, upon its being so ordered by the court or judge, in term time, and entered by the clerk on the record." *Mansf. Dig., secs. 1476, 1481.*

There is no such thing known to our laws as two circuit courts held in the same circuit at the same time, one presided over by the regular judge and the other by a special judge. Suitors are entitled to have their causes tried before the circuit judge, unless he is disqualified, or unable to preside from causes beyond his control.

It was lawful for the Desha circuit court to adjourn its sittings to a distant day. But when that day arrived, and he was detained by his judicial duties in another county of his circuit, the adjourned session necessarily failed. For there is no power to supply his place temporarily by a special election by the attorneys in attendance; his absence for this cause not being such an inability to continue to hold the court as is contemplated by section 21, of article 7, of the constitution of 1874.

We are also inclined to think that if the circuit court of Jefferson county had not been in session, the adjourned session would have failed for want of a judge, the court not having been organized on the day to which the adjournment was had by the election of a special judge. This was not a new term but a continuation of the old one. But on this point it is not necessary to express any decided opinion.

2. PROHI-BITION: When issued.  Prohibition is an extraordinary remedy and the writ will not be granted unless the defendant has objected to the jurisdiction of the inferior court and his objection has been overruled. *City of Little Rock, ex parte, 26 Ark., 52, and cases cited; Smith v. Whitney, 116 U. S., 167.*

. We regard the motion by the defendant to dismiss the cause for want of jurisdiction as satisfying this requirement. It was in fact all he could do. Let the writ go.