REESE *v.* STEEL.

Opinion delivered November 12, 1904.

1. PROHIBITION—PRACTICE.—The writ of prohibition lies only to a court, and not to the judge, and only when the want of jurisdiction has been raised in the inferior tribunal, and the objection been overruled. (Page 68.)

2. COUNTY SEAT REMOVAL—PARTIES.—An order for the removal of a county seat is a judgment from which an appeal may be taken by persons who have been permitted by the court to become parties for the purpose of contesting the proceeding. (Page 69.)

3. CIRCUIT JUDGE—VACATION POWERS.—Under Const. 1874, art. 7, § 14, providing that the circuit court shall exercise a superintending control and appellate jurisdiction over county and other inferior courts and giving to the circuit judges power to issue any necessary writs in vacation, a circuit judge in vacation has authority to stay proceedings in a county seat removal contest until an appeal from the county court directing such removal can be heard. (Page 70.)

4. SUPERSEDEAS BOND—SELF-EXECUTING JUDGMENT.—A supersedeas bond can stay only so much of a judgment for removal of a county seat as affects the order of removal of the records to the new seat, the remainder of the judgment being self-executing; and it will stay such order only so far as the costs are concerned, as no judgment beyond costs can be given thereon. (Page 70.)

5. COUNTY SEAT CONTEST — APPEAL — STAY OF PROCEEDINGS.—Since a judgment of the county court directing the removal of the county seat is self-executing, and therefore cannot be stayed by a supersedeas bond, the circuit court, or the judge thereof in vacation, has power, upon proper showing, to stay proceedings during the pendency of an appeal therefrom. (Page 72.)

Petition by Reese and others for a writ of prohibition against James S. Steel, Circuit Judge of the Ninth Judicial District. Denied.

*Feazel & Bishop, D. B. Sain, W. C. Rodgers, Rose, Hemingway & Rose,* for petitioner.

The county court is a superior court, and its judgment can not be collaterally attacked. 38 Ark. 157; 53 Ark. 478. It has exclusive jurisdiction over county seat contests. 33 Ark. 192; 43 Ark. 62; 61 Ark. 252; 5 Ark. 21. The prayer of appeal and the order granting it was void. 52 Ark. 99; 47 Ark. 411; 100 Ill. 484; 51 Ark. 348; Sand. & H. Dig. §§ 1264-1266; 61 Ind. 84 A supersedeas does not confer a right to do what a judgment forbids. Elliott, App. Pro. § 391; 6 Paige, Ch. 379; 30 Ark. 472; 38 W. Va. 74; 89 N. W. 1012; 39 S. D. 635; 11 Cyc. 378. There can be no supersedeas in a case of this character. 19 Neb. 444; 27 N. W. 427; 128 Mo. 497; 31 S. W. 104; 11 Neb. 529; 10 N. W. 449; 63 Ia. 611; 38 W. Va. 74. Where a judgment is rendered disbarring an attorney, supersedeas will not be granted during pendency of an appeal. 64 Ind. 493; 98 Mich. 218; 63 Ind. 493; 93 Ind. 396; 90 N. W. 587; 28 Neb. 110; 64 Ind. 496; 33 Pac. 123; 27 N. W. 427; 31 S. W. 105; 7 How. Pr. 282; 70 N. W. 127; 6 Abb. Pr. 222; 40 Ga. 164; 15 Wash. 342; 46 Pac. 389; 89 N. W. 1012; 62 N. W. 962; 75 Ind. 395. The judgment of a county court is conclusive. 33 Mich. 290; 62 Mich 456. Orders of the county court can not be amended. 68 Ark. 347; 35 Ark. 118; 40 Ark. 230. A charge of fraud which does not set out the facts constituting it is nothing. 24 Ark. 459; 49 Ark. 311; 43 Ark. 66; 69 Ark. 506. Prohibition will never lie to a court having cognizance of a cause or jurisdiction of the subject-matter, on the suggestion of an erroneous proceeding. 5 Ark. 21; 33 Ark. 192; 43 Ark. 62; 40 Ark. 548. Mandamus does not lie where there is a remedy by appeal. 8 Ark. 424; 44 Ark. 317; 30 Ark. 472.

*W. D. Lee, H. L. Norwood, H. P. Epperson, R. D. Epperson, Dan W. Jones,* for respondent.

The sufficiency of the notice of contest is not before this court. 56 Ark. 539. Such notice may be amended in circuit court. 61 Ark. 247. This court may issue the writ of prohibition in aid of its appellate jurisdiction. Sand. & H. Dig. § 4892; Const., art. 7, § 4. And is a writ of discretion. 66 Ark. 211. As to mode of taking appeals from county courts see Const. 1870, art. 7, § 33.

They are granted as a matter of right. Sand. H. Dig. § 1264; 51 Ark. 159; 35 Ark. 298. Having the right to appeal, they could do so without supersedeas. 54 Ark. 409; Sand. H. Dig. § 1264.

HILL, C. J. There was a county seat contest in Howard County, and an appeal was taken from the order of the county court declaring that the county seat was removed from Center Point to Nashville and ordering the county records removed to a temporary place at Nashville. The county judge refused to approve a supersedeas bond, not on account of any insufficiency of the sureties, but because the judgment could not thereby be stayed. The parties who had appealed from the order aforesaid filed a petition for mandamus in Howard Circuit Court, praying that the county judge be compelled to approve the supersedeas bond, if sufficient, and to restrain him from carrying into effect the order of removal of the county records, etc., from Center Point to Nashville. On a hearing at chambers in vacation, both sides represented, the circuit judge issued an order commanding the county judge to refrain from effecting such removal until the appeal be heard and finally determined by the Howard Circuit Court, and then only in accordance with such final determination.

The petitioners here seek to prohibit Judge Steel in vacation, or term, from taking action under that order, and to have it declared void.

1. The order complained of, the enforcement of which is sought to be prohibited, was made by the circuit judge in vacation, and no objection to his jurisdiction appears to have been made before him, and no objection to his jurisdiction has been filed in court or acted on by the court.

In Ex parte *Williams*, 4 Ark. 537, this court said: "The rule was, at common law, that no prohibition lay to an inferior court, in a cause arising out of their jurisdiction, until the matter had been pleaded in the inferior court, and the plea refused." The statute emphasizes the common-law rule by defining the writ as one addressed to an inferior court. Sand. & H. Dig. § 4892. This rule has been followed in many cases. Ex parte *Blackburn*, 5 Ark. 21; Ex parte *McMeechen*, 12 Ark. 70; Ex parte *City of Little Rock*, 26 Ark. 52; *State* v. *Williams*, 48 Ark. 227. In *Russell* v. *Jacoway*, 33 Ark. 192, there is a relaxation of the rule.

There the question of jurisdiction of the subject-matter was directly raised before the judge in vacation, and mentioned in his order, and not before the court, but the writ was sought to issue to the Pope Circuit Court, not to the circuit judge, and in that form was sustained. On the other hand, in *Palmer* v. *McChesney*, 26 Ark. 452, a mandamus case, under similar practice, this court held a mandamus would not lie to a judge at chambers; that there must be a final order in court on the question raised before this court would entertain the writ. The rule prevails generally as declared in Ex parte *Williams*. High on Extraordinary Legal Remedies, § § 762, 763. The exceptions to the rule are that it can run against municipal bodies and *quasi* judicial tribunals. *Id.* § 764a. The exceptions do not include judges acting in vacation. Therefore the court holds: prohibition only lies to a court, not to a judge or chancellor at chambers, and not to the court until the jurisdictional question has been raised there and overruled.

2. There were two orders entered of record in regard to the removal, the last being made to correct the former and make it speak the truth as the court declared. Under the first order the petitioners appeared as parties at the threshold. Under the *nunc pro tunc* order the petitioners were granted an appeal after the finding was made, and thereafter ordered made parties for the purpose of hearing the contest, which was set for a future day.

The Constitution assures appeals from all judgments of the county court. Art. 7, § 33. The statute prescribes that appeals may be taken by the party aggrieved, with or without supersedeas, within six months by filing affidavit, etc. Sand. & H. Dig. § 1264.

In *Willeford* v. *State*, 43 Ark. 62, Mr. Justice Smith said: "The county court has the authority then to determine in the first instance where the county seat is, and whether the conditions have arisen upon which a removal is required. This may incidentally involve the question whether the vote has been fairly taken and the necessity, if fraud has supervened, to purge the polls. A revision of its action may then be had upon the appeal of any person aggrieved to the circuit court." This procedure has been indorsed in *McCullough* v. *Blackwell*, 51 Ark. 159; *Rucks* v. *Renfrow*, 54 Ark. 409.

The petitioners were parties, whether viewed from the first or the amended record, and the judgment of the county court ordering the removal of the county seat was appealable, and the method adopted effected the appeal.

3. The order complained of was issued by the circuit judge in vacation in a mandamus suit pending in the Howard Circuit Court. Mandamus can only issue by a court, not by the judge in vacation. Sand. & H. Dig. § 4891; *Palmer* v. *McChesney*, 26 Ark. 452. To meet emergent occasions, it is provided in section 4896 of Sandels & Hill's Digest that the circuit judge may in vacation make temporary orders for preventing damage or injury to the petitioner pending the hearing of the mandamus by the court. The Constitution (art. 7, § 14) confers on the circuit courts appellate jurisdiction of, and superintending control over, county and other inferior courts, and gives the circuit judges in vacation power to issue, hear and determine all necessary writs to carry into effect this jurisdiction and control. Under these provisions the circuit judge was acting within his jurisdiction in staying the proceedings until the appeal is heard, and therefore the courts ought to sit at Center Point until the appeal is heard or the order revoked or reversed.

4. It appears that the mandamus is sought against the county judge upon the theory that the petitioners can show on appeal that the county seat was not legally voted to be changed, and that the county judge refused to act upon a sufficient supersedeas bond, and give it effect superseding the judgment. Does a supersedeas bond in such cases suspend the judgment pending the appeal?

When a judgment executes itself, that is, where no act of a ministerial officer is necessary to put it into effect, a supersedeas does not alter the state of things created by the judgment. Parts of a judgment may be self-executing, and other parts, requiring the performance of acts by ministerial officers to make them effective, be not self-executing. Elliott, Appellate Proc. 392, 393. In a county seat contest in West Virginia, it was held that the judgment declaring the result thereof was self-executing. *Hamilton* v. *Tucker County Court*, 38 W. Va. 71. Other instances, alike in principle, cited in petitioner's brief, are of self-executing judgments which are not subject to stay by supersedeas. Self-executing judgments are not the only ones not subject to stay by

supersedeas. Where there can be no judgment rendered on the bonds given, by reason of the character of the judgment sought to be superseded, the recovery thereon is limited to nominal damages and costs. Elliott, App. Proc. 397. Therefore it follows that a supersedeas bond can only stay so much of the judgment as it can affect; and where it can not be held for anything except costs, as a matter of course it will only stay the judgment so far as the costs are concerned. Thus the order removing the records is not self-executing; it has to be performed by a ministerial officer; yet no judgment beyond costs could be given on such a bond. Hence it only stays the costs.

While the judgment declaring the future county seat is self-executing, to the extent that it is not subject to be stayed by a supersedeas bond, it does not by any means follow that it instantly removes the county seat, for the Constitution and statutes plainly declare that the courts and county seat remain at the old location until certain things therein required are first performed. This is where this case differs so widely from the West Virginia case pressed upon the court in argument.

The Constitution (art. 12, § 3) forbids the county seat to be removed, after a majority of the electors have voted therefor, until the place at which it is to be located shall be fully designated. The statutes provide that the order of removal shall not be made, or, if made, shall not be executed, until a fee simple title is vested in the county to the new site. (Sand. & H. Dig. § 950.) After such deed is made, then the county court is authorized to appoint commissioners to prepare the land for occupancy, and purchase or erect buildings preparatory to the actual removal and change of the county seat. Sec. 951. After the buildings are made ready, and the commissioners so report to the county court at its next term, then the next and every succeeding term of the county court shall be held at the new county seat, and thereafter the circuit court and other courts of general jurisdiction shall be holden thereat. Sec. 952.

In *Hudspeth* v. *State,* 55 Ark. 323, this court held that it was within the jurisdiction of the county court to order, after a removal had been voted, the county seat removed into a temporary location pending the fulfillment of their statutory requirements. But that case did not hold that it was proper to do so, and only held that the impropriety, if there was impropriety in so

doing, could not be attacked collaterally; leaving the inference that these matters are proper subject of review in direct attack, on appeal.

All of these matters are proper subjects of appeal by any person aggrieved making himself a party and carrying the order to the circuit court for trial *de novo* there. As such judgments declaring the vote, directing removal, etc., are not by their nature subject to supersedeas by giving a bond, which would be a nullity beyond securing the costs, the law intrusts to the circuit court, and its judge in vacation, full power to stay proceedings which otherwise could not be stayed by the ordinary processes, when a proper showing is made to him that such proceedings should be stayed. The petition is denied.

RIDDICK, J. I concur, except that on the question of whether the writ of prohibition lies only to a court I express no opinion; for, conceding that it will lie to prevent a judge in vacation from proceeding to make orders beyond his jurisdiction, still it seems to me that no case is made out for its issuance here, for the reasons stated in the opinion convince me that the circuit judge was in this case acting within the scope of his official powers.

McCULLOCH, J., (dissenting.) I find myself unable to concur in the opinion of the majority of the court, and, owing to the importance of the questions involved, deem it proper to give formal expression of my views.

I think that the writ of prohibition will lie against a judge who is proceeding to act judicially in a matter over which he has no jurisdiction. The office of the writ is to restrain the exercise of judicial of *quasi*-judicial acts where no jurisdiction exists.

It is too well settled for argument that acts of a court or judge purely ministerial, administrative, or executive in their character can not be controlled or restrained by this writ. 23 Am. & Eng. Enc. Law, p. 204; High, Extr. Rem. § § 764a, 769 and 782; Shortt on Mand. & Pro. p. 439, and cases therein cited.

The converse is equally true, that all judicial or *quasi*-judicial acts beyond jurisdiction, whether attempted by a court or judge, may be restrained by the writ. 23 Am. & Eng. Enc. Law, p. 206; High, Extr. Rm. § 764a; *State* v. *Young,* 29 Minn. 523; *State* v. *Field,* 112 Mo. 554.

In *Russell* v. *Jacoway,* 33 Ark. 192, where there was a petition to this court for writ of prohibition against a circuit judge to restrain him from improperly issuing in vacation a writ of certiorari and supersedeas to the county court in a county seat contest, it was held that the remedy was proper, and the writ was granted.

In *State* v. *Young, supra,* the rule is stated that "the writ of prohibition issues usually to courts to keep them within the limits of their jurisdiction. But it may also issue to an officer to prevent the unlawful exercise of judicial or *quasi*-judicial powers."

And the doctrine is fully stated in High's Extraordinary Legal Remedies, § 264a, as follows: "The appropriate function of the remedy is to restrain the exercise of unauthorized judicial or *quasi*-judicial powers. * * * And the remedy may be invoked against any body of persons or officers assuming to exercise judicial or *quasi*-judicial powers, although not strictly or technically a court."

No authorities are mentioned in the majority opinion in conflict with those cited herein, and I have been unable to find any, and I see nothing in the phraseology of the Constitution, where jurisdiction is conferred upon this court to issue the writ, to alter the general rule established by these authorities.

I concur in all said by the Chief Justice as to the necessity that, before the remedy can be sought here, objection must have been made below to the proceeding complained of; that is too well settled by the authorities generally, and also by the repeated decisions of this court, to be open to further question. But I do not understand that this rule requires that the record must show affirmatively that specific objection was made to the jurisdiction, nor can I agree that the record in this case does not show sufficient objection below. It does appear from the record that the petitioners were present by attorneys and objecting when the proceedings complained of were had before the circuit judge, and we must presume that they made proper objection to each step in the proceedings by him not within his jurisdiction and not authorized by law. I quite agree with the majority in their conclusion that the appeal was allowable to the remonstrants from the judgment of the county court ordering the removal because they had substantially complied with all requirements in making themselves parties to the record, though, strictly speaking, the court had not

made them parties before the rendition of the judgment of removal; and for the same reason I think that the record shows substantial compliance by the petitioners with all the requirements as to objection below to the proceedings against which they seek relief here. To hold otherwise is, I think, to put form above substance, and to stretch beyond all proper limits the reason for the requirement in this respect, and to reduce it to the level of a mere technicality.

I am in accord with the opinion of the majority that a statutory supersedeas bond is not effective, and has no application to a judgment of this kind. I think this is true for several reasons, but chiefly for the reason that the terms of a statutory appeal bond were not designed to meet the conditions of a case of this sort, but are to cover judgments in suits of an adversary kind where the appellant is personally affected thereby, and where his bond will protect his adversary from injury by reason of the appeal. One who injects himself into a public controversy, such as the removal of the county seat, and makes himself a party to the court proceedings, has the right of appeal, but he can not stay the proceeding simply by giving a bond which has no force whatever, and makes him liable for nothing in the event of a breach. I agree with the majority in holding that the appellate court, or the judge thereof in vacation, has the inherent power, in aid of its appellate jurisdiction, for the purpose of preserving the *status quo* of the parties, to grant a stay of further proceedings. The authorities to sustain this are abundant. 20 Enc. Pleading & Pr. pp. 1237, 1252, and cases therein cited.

But the power should be exercised with great care only after a sufficient examination of the facts to ascertain that a great injustice will be done, and the fruits of a successful appeal will be lost, unless the enforcement of the judgment appealed from be stayed. An interesting and instructive discussion of this subject may be found in the opinion in the case of *State* v. *Board of Education,* 19 Wash. 8, and the editor's notes thereto, as reported in 67 Am. St. Rep. p. 714.

The operation of writs of stay and supersedeas granted by appellate courts is limited to such judgments as are not self-executing, and have no effect upon self-executing judgments, for the reason that there is nothing upon which the stay can operate

where the judgment executes itself and becomes effective *ex proprio vigore.* Elliott, App. Proc. § § 392, 393.

This brings me to a discussion of the most important difference between the views of the majority of the court and my own, viz: whether or not the judgment of the county court, or any part thereof, declaring the result of the election and ordering the removal of the county seat is self-executing. The majority hold that only that part of the judgment which declares the result of the election and fixes the future county seat is self-executing, and I contend that the whole of the judgment is self-executing, except the provision for building the new courthouse.

The Constitution lodges in the county courts of the State exclusive jurisdiction over the "internal improvements and local concerns of the respective counties" (art. 7, § 28), and this jurisdiction is potential for the management of all internal concerns. The power is conferred by statute (chapter 37, Sandels & Hill's Digest) upon county courts to order elections and declare the result thereof in contests for the removal of county seats. And the manifest duty of the county court is to effectuate the will of the people as expressed at the ballot box in such contest by accomplishing the removal as speedily as practicable. To this end it is within the power of the court to provide a temporary place at the new site for holding the courts within the county until the new building can be erected. It was expressly held by the court in the case of *Hudspeth* v. *State,* 55 Ark. 323, that the county court had this power. To the same effect see *Lee* v. *State,* 56 Ark. 4.

To illustrate the necessity for the exercise of the power in some instances, it might occur that at the time of the removal the county might be without a court house at the old county seat. Indeed, such a state of affairs might be one of the causes that prompted the citizens to vote a removal. Who will say that under that state of facts it would not only be within the power, but the duty, of the court to provide a temporary place for holding court at the new county seat?

I am persuaded that that part of the judgment of the county court which declares the result of the election to be in favor of a removal of the county seat to Nashville, as well as that part which provides a temporary house within which the courts are to be held until the new court house shall be completed, were self-executing

and went into full effect *eo instanti,* and, under the rule hereinbefore set forth and established by the authorities, could not be superseded either by a statutory bond or by an order of the circuit court or judge in aid of the appellate jurisdiction of that court. The part of the judgment providing for the erection of a new court house was not, in my opinion, self-executing, and could have been stayed by an order of the circuit judge.

So far as the orders of the county court concerning the removal of the county records, I think that was surplusage, as it became the duty of the officer to follow the legal situs of the county. It required no act of the county officers to effect the removal, as that was fully accomplished when the county court by its judgment declared the new location.

The authorities cited by counsel for petitioners fully bear out, I think, their contention and the views herein expressed, and illustrate the distinction between judgments which are self-executing and those which are not. Elliott, App. Proc. § 391; *Hamilton* v. *Tucker County Court,* 38 W. Va. 74; *Walls* v. *Palmer,* 64 Ind. 493; *State* v. *Meeker,* 19 Neb. 444; *People* v. *Stephenson,* 98 Mich. 218; *State* v. *Mayor,* 28 Neb. 110; *Fawcett* v. *Superior Court,* 15 Wash. 342.

For these reasons I think that the writ of prohibition should be issued to the circuit judge, and also the writ of mandamus to the chancellor requiring him to hold his court at Nashville.

ON REHEARING.

Opinion delivered January 7, 1905.

HILL, C. J. Counsel for the petitioners have presented to the court in their briefs for rehearing a wealth of learning and the result of indefatigable research.

The importance of the issues and the zeal and earnestness of counsel require of the court a consideration anew of the questions involved.

It is insisted that the decision overrules prior rulings of the court. A careful re-examination of the cases satisfies the court that no prior decision is overruled; certainly, none wittingly. *Russell* v. *Jacoway,* 33 Ark. 191, is not overruled. The opinion

pointed out that in that case there was a relaxation of the rule of Ex parte *Williams,* 4 Ark. 537. As this case does not fall within the relaxation of *Russell* v. *Jacoway,* the jurisdictional question not even going before the judge at chambers, it would be travelling beyond this record either to approve or overrule *Russell v. Jacoway. Palmer* v. *McChesney,* 26 Ark. 452, was referred to as deciding that an appeal would not lie from the action of a judge at chambers granting or refusing mandamus, because the question ruled upon must be first presented to the court and a judgment there entered upon it. The value of that case was merely to show that in mandamus proceedings, as well as in prohibition, the question presented to the appellate court must first be acted upon in the inferior court. Ex parte *Williams, supra,* has been followed by Ex parte *Blackburn,* 5 Ark. 21; Ex parte *Mc-Meechen,* 12 Ark. 70; Ex parte *City of Little Rock,* 26 Ark. 52, and *State* v. *Williams,* 48 Ark. 227. The rule is thus stated in the latter case: "Prohibition is an extraordinary remedy, and the writ will not be granted unless the defendant has objected to the jurisdiction of the inferior court, and his objection has been overruled."

In the case at bar there is a mandamus suit regularly pending in the Howard Circuit Court; in that suit the circuit judge has issued a restraining order, and no objection has been interposed to the jurisdiction of the inferior court, and there has not been any ruling on any jurisdictional question by the court. The court must therefore deny this writ on this ground, or overrule these many and well-considered cases, and it declines to do the latter.

In the opinion heretofore rendered there was deduced from this rule the further proposition that the writ of prohibition would not lie to a judge or chancellor at chambers, holding that he was not such an officer that he was within the exception to the rule, which did not apply to municipal bodies, *quasi*-judicial officers, etc. This deduction was not necessary to the decision of this point; and on reflection the court has decided to modify the opinion so as to leave unconcluded the question whether the writ in any proper proceeding therefor may be directed to the action of a judge or chancellor which is not and will not become involved in any proceeding before the court.

The court has carefully considered the other propositions decided and the briefs of counsel concerning them, and concludes that neither modification nor change should be made therein.

Objection is taken to deciding more questions than one decisive of the case, and it is claimed that all others are *obiter dicta* and not binding as precedents. On the hearing, it was urged that it would be to the public welfare of the county if all the questions involved were decided, so that this litigation, so deeply affecting the county, would be the earlier ended. It seemed to the court that its duty required it to pass upon every question which the record fairly presented, and it took up the questions severally and disposed of each of them, the result being a denial of the writ, for the reasons stated.

The motion for rehearing is overruled, and the judgment, which has been vacated pending this motion, re-entered.

McCULLOCH, J., dissenting.