Russell et al. vs. Jacoway, Judge, Etc.

---

RUSSELL ET AL. VS. JACOWAY, JUDGE, ETC.

1. PROHIBITION, WRIT OF:  *Office of and when granted.*
   The office of the writ of prohibition is to restrain an inferior tribunal from proceeding in a matter not within its jurisdiction; but it is never granted unless the inferior tribunal has clearly exceeded its authority, and the party applying for it has no other protection against the wrong that shall be done by such usurpation.

2.  *Removal of County Seat; Jurisdiction over.*
   The removal of the County Seat is a matter of local concern, over which the
   County Court has exclusive original jurisdiction; the Circuit Court has no
   authority to determine the result of an election for removal in the first
   instance, and before the County Court has acted in the premises, and
   where it assumes to do so, a writ of probibition will lie from this court.

Petition for writ of Prohibition.
*Rose* for the Petitioners.
*Mansfield, contra.*

HARRISON, J. :

This is an application by Thomas J. Russell and Jacob L.
Shinn, for a Writ of Prohibition to the Circuit Court of Pope
County, to restrain proceedings on a writ of certiorari sued
out of it by William B. Young and others, to the County
Court of said county.

The facts upon which the application is made, as stated in
the relator's petition and admitted, are the following :

At the July term, 1878, of the County Court of said county,
a petition, signed by one-third of the electors of the county,
was presented for the removal of the county seat from Dover
to Russellville, or Atkins, and an order was thereupon made for
the submission of the question of removal, and, as to which of
the places proposed, to the electors at the general election on
the second day of September following.   As shown by the
abstract of the returns of the election, 1240 persons, a majority,
as appeared by the polls returned by the assessor, of the
whole number of electors of the county, voted for the re-
moval, 707 against it, and 1104 for Russellville, but who
were not such majority, and 687 for Atkins.   On the 18th day
of October thereafter, before the County Court had proceeded
further in the matter, William B. Young, David West and ten
other electors and tax payers of the county, applied to the
judge of the Circuit Court, in vacation, for and obtained a

writ of certiorari to the County Court, to bring before the Circuit Court the order of the County Court, the poll books with the returns of the election from the townships of Clark, Griffin, and Independence, and the clerk's abstracts of the votes, that said returns and abstracts might be quashed, and the result of the election declared by it; representing and setting forth in their petition, that although the abstract showed 1240 votes in favor of removal, only 1057 persons, and not a majority of the electors of the county, in fact, voted for it. That the clerk of the County Court, upon a suggestion that the returns from the townships of Clark, Griffin, and Independence, did not show the true result of the election in those townships, before proceeding to compare the same, notified the judges and clerks of the election in said townships to appear and amend them; and that in accordance with such notification they came before him and the justices of the peace he had called to his assistance, and made such changes and alterations in the same, as to make it appear by the abstract of returns, that a majority of the electors of the county had voted for the removal, and that 202 of the votes in favor of removal were cast by persons who did not reside in the townships in which they voted.

The relators appeared before the Circuit Judge, and opposed the application, for want of jurisdiction over the subject matter; which fact was recited in the order granting the writ.

A supersedeas to stay the proceedings of the County Court was also asked for, and granted.

The office of the writ of prohibition, is to restrain an inferior tribunal from proceeding in a matter not within its jurisdiction; but it is never granted, unless the inferior tribunal has clearly exceeded its authority, and the party applying for it has no other protection against the wrong that shall be done by such usurpation. Bac. Abr. Title Prohibition; Williams *ex parte*,

12

4 Ark. 537; Blackburn, *ex parte*, 5 Ark. 27; *Ex parte* Smith, 23 Ala. 94; *Arnold et al.* v. *Shield et al.* 5 Dana, 18.

The Constitution gives to the Circuit Court a superintending control, and appellate jurisdiction, over the County Court, Art. vii., sec. 14; but to the latter *"exclusive original* jurisdiction in all matters relating to county taxes, roads, bridges, ferries, paupers, bastards, vagrants, the apprenticeships of minors, the disbursements of money for county purposes, and in every other case that may be necessary to the internal improvement and *local concerns,"* of the county. Art. vii, sec. 28.

The removal of the county seat is manifestly a local concern of the county, over which the County Court has exclusive original jurisdiction; and its authority to determine for itself, whether the conditions exist upon which the removal is required, is unquestionable. Blackburn *ex parte, supra.*

But it is said the Legislature has made no provision for a contest of the election before the County Court. To this we reply, without expressing any opinion as to the conclusiveness of the returns : so, neither, has there been any made for a contest before the Circuit Court. For the Circuit Court to assume to determine, in the first instance, and before the County Court has acted in the premises, whether a majority of the electors have, or not, voted for the removal, is to withdraw the matter entirely from its jurisdiction. The statute has made it the duty of the County Court, if a majority of the electors of the county were in favor of the removal, at its next regular term, to order another election to determine which of the places—Russellville or Atkins—the removal should be ; but by the Circuit Court's assumption of jurisdiction in the case, all further proceedings of the County Court have been prevented, and stayed, and the question as to such removal, the speedy settlement of which is of great importance to the people of the county, left undetermined, and the matter continued in doubt and uncertainty,

until the final decision of the certiorari; for which wrong an appeal, or writ of error, could not afford a remedy, or correction.

The writ of prohibition asked for, will be issued, and the supersedeas ordered by the Circuit Judge, vacated.