ARKANSAS STATE MEDICAL BOARD, et al.
*v.* LEIPZIG

88-270                                         770 S.W.2d 661

Supreme Court of Arkansas
Opinion delivered May 30, 1989
[Rehearing denied June 26, 1989.*]

---

*Purtle, J., and Special Justice Russell Meeks would grant rehearing.
Holt, C.J., and Glaze, J., not participating.

*Mitchell & Roachell*, by: *Michael W. Mitchell* and *Paul J. Ward*, for appellants.

*Cearley Law Firm*, by: *Robert M. Cearley, Jr.; Kaplan, Brewer & Miller, P.A.*, by: *Philip E. Kaplan*, for appellee.

DONALD J. ADAMS, Special Chief Justice. Appellee Bruce Leipzig, M.D., filed suit in Chancery Court of Pulaski County, First Division, against appellant Arkansas State Medical Board and the individual board members seeking an injunction against the board and its members. The action was brought pursuant to 42 U.S.C. §§ 1983 and 1988, and alleged that if an injunction was not entered, appellee would be denied certain due process of rights. The chancellor on his own motion transferred the matter to the Pulaski County Circuit Court, Second Division. The circuit judge granted the injunction and this appeal followed.

Appellant originally contended that the circuit court erred in

enjoining the board because appellee had not exhausted his administrative remedies and because the preliminary injunction violates the separation of powers and immunity provisions in the Arkansas Constitution. Appellant now concedes that a plaintiff proceeding in a § 1983 action does not have to exhaust his administrative remedies and that the case so holding, *Felder* v. *Casey*, 487 U.S. 131 (1988), also negates the argument that the injunction violates the separation of powers and immunity provisions in the Arkansas Constitution. The remaining issue before the court is whether the transcript reflects a clear threat of constitutional injury.

The right of a physician to practice his profession and be afforded due process in situations involving the suspension or revocation of his professional licenses is well established as a protected interest. *Missouri ex rel. Hurwitz* v. *North*, 271 U.S. 40 (1926). It is equally well established that in a suit brought pursuant to 42 U.S.C. § 1983, a court has not only the power but the duty to enjoin the threatened deprivation of rights guaranteed under the Constitution of the United States. *See, e.g., Goldie's Bookstore, Inc.* v. *Superior Court of the State of California*, 739 F.2d 466, 472 (9th Cir. 1984); *Henry* v. *Greenville Airport Comm'n.*, 284 F.2d 631 (4th Cir. 1960). *Felder* v. *Casey, supra*, grants to litigants their choice of bringing the § 1983 action in either federal court or state court.

Appellee, in an attempt to bring himself under the protection of the above cited cases, claims that there are three areas in which his due process rights are being violated. He contends that the board's reservation of the right to enter default because the response was not timely filed, the refusal of the board to permit discovery depositions, and the inadequate notice given to him are due process violations. The record does not support a finding of a clear threat of constitutional injury.

With respect to appellee's claim concerning the possibility that the board might enter default because of an untimely filing of the response, suffice it to say that the law is made up of one deadline after another. The failure to meet those deadlines often results in the imposition of severe penalties. A refusal to permit depositions is, likewise, not a due process violation. Refusal to permit *evidentiary* depositions would clearly

be a due process violation. *Kaiser Co.* v. *Industrial Accident Comm'n.*, 109 Cal. App. 2d 54, 240 P.2d 57 (1952).

No case has been cited that refusal to permit *discovery* depositions constitutes a due process violation, and none have been found. Discovery depositions are not permitted in criminal cases. Indeed, in federal criminal practice, the U.S. attorney is not even required to disclose the names of his witnesses prior to trial.

■■ A much closer question is raised by the contention that the notice was inadequate. Unquestionably, notice must be adequate and reasonably calculated to inform the parties of administrative pleadings which may directly and adversely affect their legally protected interests and the issues in controversy. Such a notice must afford them an opportunity to prepare and present their positions or defend themselves. *Branch* v. *Hempstead County Memorial Hospital*, 539 F. Supp. 908 (W.D. Ark. 1982). In the case at bar, when we consider the transcript in its entirety, we must conclude that appellee had adequate notice. The exhibits to the notice and exchange of letters between the attorneys representing their respective clients demonstrate that appellee was aware of the nature of the testimony that would be presented against him.

For these reasons, the judgment should be reversed.

HOLT, C.J., and GLAZE, J., not participating. RUSSELL MEEKS, Special Justice, and DUDLEY, PURTLE, and NEWBERN, JJ., dissent.

DAVID NEWBERN, Justice, dissenting. Dr. Leipzig's complaint, seeking declaratory and injunctive relief, was first filed in the Pulaski County Chancery Court. The defendants, who are the Arkansas State Medical Board and its members, moved to dismiss on the ground that Dr. Leipzig had not exhausted his administrative remedies, that interference by a court would violate the separation of powers doctrine, and that the suit was precluded by Ark. Const. art. V, § 20, which provides that the state may not be made a defendant in its courts.

Dr. Leipzig responded to the dismissal motion by noting that his action was brought pursuant to 42 U.S.C. § 1983, and that the federal law would not permit the state to immunize its conduct

alleged to have deprived him of due process of law. He contended that exhaustion of remedies was not required. He was correct. *Felder* v. *Casey*, 487 U.S. 131 (1988).

Without ruling on the motion to dismiss, the chancellor, on his own motion, entered an order transferring the case to the circuit court. The only reason given in the order was that "the issues presented . . . are legal issues more properly submitted to the Circuit Court."

The case should not have been transferred. In his complaint, Dr. Leipzig sought a mandatory injunction requiring the board to return to him records of peer review proceedings. He also sought injunctive relief to compel the board to permit him to take depositions of the board's expert witnesses prior to any hearing.

In *Monette Road Improvement Dist.* v. *Dudley*, 144 Ark. 169, 222 S.W. 59 (1920), Circuit Judge R.H. Dudley issued a writ of certiorari and a temporary stay of the proceedings of a road improvement district assessment program. The question presented on appeal was whether the circuit court had jurisdiction to issue an injunction. We noted that if a circuit court has jurisdiction of the underlying dispute, it may issue a temporary stay of proceedings incident to the exercise of its jurisdiction. It was found that the court lacked jurisdiction of the underlying claim raised by the statement of facts. We then turned to the question whether, absent the power to decide the underlying dispute, the circuit court had the power to issue an injunction. We wrote:

> Injunctive relief is purely a matter of equitable jurisdiction, which, under the Constitution of the State, falls within the jurisdiction of separate chancery courts as now established. Article 7, section 15, of the Constitution provides that "until the General Assembly shall deem it expedient to establish courts of chancery the circuit courts shall have jurisdiction in matters of equity." We are of the opinion that the power of the Legislature in establishing separate chancery courts therefore swept away the jurisdiction of the circuit court in matters exclusively cognizable in equity. [144 Ark. at 182-183, 222 S.W. at 63]

Had the complaint in this case sought only a temporary

restraining order to stay proceedings of the board until the circuit court could hear the matter, there would be no problem. That was not the case, however, and it is probable that the circuit court would have no authority to step in and issue orders to the board as to how it should proceed to assure that fundamental rights were not deprived in the process of adjudicating the licensure of Dr. Leipzig. Dr. Leipzig alleged that the proceedings of the board were depriving him of due process of law. He pointed out to the chancellor that, although the circuit court is empowered under the Administrative Procedure Act to review actions of state agencies, the review is not a de novo review, and his reputation as a physician could be ruined if he were not able to assure due process in the proceedings against him. The power to review a decision by the board is very different from the power to step in and keep the board from acting arbitrarily, capriciously, or in a way that deprives one of constitutional rights.

Jurisdiction to prevent a state agency from acting *ultra vires*, in bad faith, or arbitrarily lies in the chancery court. *Cammack v. Chalmers*, 284 Ark. 161, 680 S.W.2d 689 (1984). *See also Toan v. Falbo*, 268 Ark. 337, 595 S.W.2d 936 (1980). Dr. Leipzig alleges the board has failed to give him sufficient notice of the charges against him in addition to depriving him of discovery to which due process entitles him.

In 1941 we reversed the granting of an injunction which would have required the board's predecessor to have stated the charges against a doctor so as to give him stronger notice of the alleged offenses. *Eclectic State Medical Board v. Beatty*, 203 Ark. 294, 156 S.W.2d 246 (1941). We opined that the practice of medicine was a privilege rather than a right, and a doctor was not entitled to the niceties of process in an administrative proceeding against him. That is not the law today because the distinction between rights and privileges in this context has been completely rejected by the United States Supreme Court. *See Board of Regents of State College v. Roth*, 408 U.S. 564, 571 (1972).

The question of the content of the notice constitutionally required is not easily answered because the United States Supreme Court has adopted a flexible approach dependent on the character of the proceedings and the interests at stake. 1 C. Koch, *Administrative Law and Practice*, § 7.24 B (Supp. 1987). The

point here is that it is a constitutionally recognized right subject to enforcement in a state court under 42 U.S.C. § 1983.

Although a party chooses to assert a right guaranteed by the United States Constitution by bringing an action pursuant to § 1983 in a state court, obviously the decisions of the Supreme Court must be applied. They must, however, be applied in the small procedural quagmire created by the retention, in this jurisdiction as in few others, of the distinction between law and equity courts. If the remedy sought pursuant to the federal law in an Arkansas court is a traditionally equitable remedy, it must be sought in the only court having jurisdiction to grant it.

While it may be time to change to courts of general jurisdiction by the adoption of a new judicial article, we should not attempt to accomplish that through judicial fiat. We apply the law and equity distinction vigorously sometimes. *Savers Federal Savings & Loan Association* v. *First Federal Savings & Loan Assoc.*, 298 Ark. 472, 768 S.W.2d 536 (1989). Inconsistency will only perpetuate confusion and probably delay consideration of moving toward an amendment of the Arkansas Constitution creating courts of general jurisdiction.

I would reverse and remand for transfer to the chancery court.

DUDLEY, J., joins in this opinion.

RUSS MEEKS, Special Justice, dissenting. The appellant Medical Board commenced this proceeding by issuing its Complaint and Notice of Hearing, the first sentence of which states that "The Arkansas State Medical Board has received information that you have been found guilty of acts which would justify the revocation or suspension of your license to practice medicine in the state of Arkansas." The notice dated August 6, 1988, set forth a hearing date and advised appellee that the "Board will determine whether your license to practice medicine in the state of Arkansas should be revoked, suspended, or whether you should be subjected to any other disciplinary action." These are the only available Board actions set forth in the Board's own notice.

The Board scheduled a hearing for September 22. Appellee

filed a Complaint in the Chancery Court of Pulaski County on September 16. Appellant's pleadings raised jurisdictional issues. On September 21, the Chancery Court entered an Order transferring the action to Circuit Court upon its own motion.

The case was transferred to Circuit Court on September 21, 1988. On that same date, one day prior to the September 22 Medical Board hearing, the trial court entered an Order enjoining the appellant Medical Board "from holding any hearing regarding the Complaint and Notice of Hearing directed to Plaintiff or taking any further official action against the Plaintiff pursuant to the Complaint and Notice of Hearing previously issued by the Defendant Board, pending further order of this Court." Appellant brings this appeal from the trial court's Order.

The trial court committed no error in holding that there was threat of injury to the appellee's constitutionally protected rights. The majority correctly states the law as follows:

> The right of a physician to practice his profession and be afforded due process in situations involving the suspension or revocation of his professional license is well established as a protected interest. *Missouri ex rel. Hurtwiz* v. *North*, 271 U.S. 40 (1926). It is equally well established that in a suit brought pursuant to 42 U.S.C. § 1983, a Court has not only the power but the duty to enjoin the threatened deprivation of rights guaranteed under the Constitution of the United States. See, e.g., *Goldie's Bookstore, Inc.* v. *The Superior Court of the State of California*, 739 F.2d 46, 47 (8th Cir. 1984) and *Henry* v. *Greenville Airport Comm'n*, 284 F.2d 631, 633 (4th Cir. 1960). *Felder* v. *Casey*, supra, grants to litigants their choice of bringing the § 1983 action in either Federal Court or State Court.

Additionally, the trial court was correct in his Order providing for a limited remedy that would prohibit the Appellant Board from taking "any further official action against the Plaintiff pursuant to the Complaint and Notice of Hearing previously issued by the Defendant Board, pending further order of this Court." The Order provides for the possibility of further court review, yet it does not preclude the Board from amending the Notice (previously issued) so as to cause it to be more specific; or, from issuing a new notice in a more specific form.

For the above reasons, I would affirm.

I am authorized to state that Justice PURTLE joins in the dissent.